(Republished)

■ JAMES MEANEY et al., Appellants, v. LOEW's HOTELS, INC., et al., Respondents, et al., Defendant.— Order, entered May 5, 1966, vacating the order directing the examination unanimously reversed, on the law, on the facts and in the exercise of discretion, the order directing the examination reinstated and the defendants' motion for reconsideration or rehearing denied; the order entered May 5, 1966, denying the motion to strike the answer unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of holding that defendant Loew's is estopped from submitting proof in support of its denials of ownership and operation of the Americana Hotel and holding that the allegations of the complaint of ownership and operation of the said hotel by defendant Loew's stand admitted, and, as so modified, otherwise denied, with $30 costs and disbursements to plaintiffs-appellants. Opinion by McNally, J. [26 A D 2d 263.] Settle order on notice. Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.

(October 20, 1966)

■ COMMERCIAL CREDIT CORPORATION, Respondent, v. LAFAYETTE LINCOLN-MERCURY INC., et al., Appellants.— Order, entered on August 12, 1965, denying a motion to dismiss the complaint for failure to prosecute unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellants, and the complaint dismissed. (See Commercial Credit Corp. v. Lafayette Lincoln-Mercury, 17 N Y 2d 367.) Concur — Botein, P. J., McNally, Stevens, Steuer, and Bastow, JJ.

■ ROBERT CHAPMAN, Respondent, v. THIRTY-NINTH ST. REALTY CORP. et al., Appellants.— Judgment in favor of the plaintiff in the sum of $42,861 unanimously affirmed, with $50 costs and disbursements to plaintiff. On this appeal the defendants urge that recovery in a cause of action brought under section 205-a of the General Municipal Law would not entitle the plaintiff to recover compensatory damages. However, such contention is not open to defendants on this appeal because they failed to object to the portion of the charge wherein the court did instruct the jury that in finding for the plaintiff it must bring in a verdict for compensatory damages (see CPLR 4017, 5501, subd. [a], par. 3). The defendants' failure to object to the court's charge makes that charge the law of the case (see Brown v. Du Frey, 1 N Y 2d 190, 195), and the defendant is bound thereby. Therefore, we need not consider whether the court's charge in that respect was correct. We find no merit to the defendants' contention that error was committed with respect to other portions of the charge, and since the evidence fully supported the verdict of the jury, the judgment appealed from is affirmed. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.