THOMAS D'ANGELO et al., Doing Business as TRIPLE CITIES CONSTRUCTION COMPANY, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50250.) — Appeal by the State from a judgment of the Court of Claims, entered June 13, 1974, which awarded claimants the sum of $425,623.95, with interest, following retrial as to damages of their fifth and sixth claims by order of this court. On August 30, 1965, the State of New York contracted with the Triple Cities Construction Company, a family partnership composed of the claimants herein, for the reconstruction and realignment of 8.2 miles of State highway in Chenango County. Included in the contract was the construction of eight box culverts and a cattle pass and the extension of an existing combination culvert and cattle pass, all scattered throughout the length of the job, and this work was to be done at the beginning of the project according to accepted engineering practice. The claims which are the subject matter of this appeal are based on delays in this initial stage of construction, and the State's liability therefor has previously been determined by this court (D'Angelo v. State of New York, 41 A D 2d 77). In its earlier decision, the court likewise approved quantum meruit as the proper measure of damages, and our sole concern here is to rule on the propriety of the award granted by the trial court. In its challenge to the award, the State argues that it is unjustified because the claimants failed to keep adequate records of their costs, and hence, the award is improperly based upon the recollection and memory of an interested party, claimant Thomas D'Angelo as revealed by his oral testimony. We cannot concur in this reasoning. In the first place, it is readily understandable that the trial court would credit the testimony of Mr. D'Angelo, particularly in the absence of any rebuttal by the State with its vast reservoir of engineering and construction experience (cf. Johnson v. State of New York, 5 A D 2d 919). Triple Cities Construction Company is a small family concern, and it would be reasonable to assume that Mr. D'Angelo would be thoroughly familiar with its employees, equipment and modus operandi and able to testify accurately about them. As to business records supportive of the award, some were introduced, and furthermore, this court earlier determined that the claimants' failure to produce them was not fatal to their case (D'Angelo v. State of New York, supra). Citing section 19 of article III of the New York State Constitution, the State further argues that the trial court exceeded its constitutional authority in making this award. The purpose of that section of the Constitution, however, is to deprive the Legislature of the power to pass laws which would satisfy private claims without a prior determination that they are worthy by an officer, board, or tribunal designated by law (Board of Supervisors of County of Cayuga v. State of New York, 153 N. Y. 279). Here, that purpose has been effectuated since we have a prior determination by the trial court, after its examination of the evidence, that moneys are rightfully due the claimants, and the Legislature's sole responsibility will be to appropriate sufficient funds to satisfy the claim. Another argument advanced by the State is that claimants are receiving a double payment in that the award compensates them for idle equipment even though the contract was substantially performed on time. This contention ignores the obvious fact, however, that claimants could rightfully expect to operate free from needless interference

by the State, and, therefore, they are entitled to compensation where, as here, they could have completed their work ahead of schedule and thereby saved substantial sums of money, absent the delays caused by the State. However, the award for maintenance costs for the claimants' idle equipment in the sum of $25,625.50 must be reduced as the judgment was unwarranted because such costs are negligible after the equipment was initially prepared. Furthermore, under the peculiar circumstances of this case, in view of the speculative nature of the evidence in some areas, we conclude that, in the interest of justice, the award should be further reduced to the sum of $349,998.45. Judgment modified, on the law and the facts, by reducing the award to the sum of $349,998.45, with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.