■ CAROLYN MUSMACKER, Appellant, v DONAHUE M. GARWOOD, Respondent. (And a Third-Party Title.)—In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered February 13, 1974, as is against her and in favor of defendant, upon a jury verdict. Judgment affirmed insofar as appealed from, with costs. We have carefully reviewed the record before us and find plaintiff's contentions to be without merit. Plaintiff's omnibus objection to the trial court's charge, raised for the first time on appeal, is untenable. A party's failure to object to the trial court's charge makes the charge the law of the case and precludes its being attacked on appeal *(Chapman v Thirty-Ninth St. Realty Corp.,* 26 AD2d 806). In the absence of fundamental error (a situation not present in this case), the judgment will be affirmed (see *Zeffiro v Porfido,* 265 App Div 185). We conclude that plaintiff was accorded a fair trial and that the verdict in favor of the defendant was supported by a just and reasonable interpretation of the evidence. Latham, Acting P. J., Damiani, Christ and Titone, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment insofar as it is appealed from, and to grant a new trial, with the following memorandum: In my opinion, the judgment should be reversed for the following fundamental errors: (a) the charge on contributory negligence; (b) the charge as to plaintiff's right to recover, as dependent upon "which of the drivers * * * was negligent"; and (c) the ruling which did not permit plaintiff to examine defendant as to his relationship with the passenger of his car, so as to allow plaintiff to lay a foundation for a charge on the inference rule.