■ MICHAEL BOYLE, Respondent, v ALAN GRETCH et al., Appellants.—Order and judgment unanimously reversed, without costs, motion denied and verdict reinstated. Memorandum: Plaintiff was injured when his southbound motorcycle collided with defendant's northbound automobile in the intersection of Military Road and Hertel Avenue in Buffalo. Defendant was preparing to turn left from Military Road into Hertel Avenue at the time of the collision. The accident happened in daylight on a Sunday afternoon. Military Road has two lanes of travel for southbound vehicles and two lanes

for northbound vehicles. It was plaintiff's theory that the accident occurred when defendant turned left into plaintiff's motorcycle while plaintiff was proceeding south and crossing the intersection. Defendant contended that his automobile was stopped at or near the center line of Military Road when plaintiff changed lanes to pass three stopped southbound cars on his right as the stopped cars waited to turn east at the intersection, and plaintiff swung his motorcycle to the left southbound lane and drove into defendant's stopped automobile. Plaintiff testified that he took his eyes off defendant's stopped car momentarily before the impact to check the pedestrians at the intersection. The jury returned a verdict of no cause of action in favor of defendant. The court granted plaintiff's motion to set the verdict aside and directed a new trial. It is settled law that a motion pursuant to CPLR 4404 (subd [a]) should not be granted unless the preponderance of the evidence in plaintiff's favor is so great that the verdict could not have been reached upon any fair interpretation of the evidence *(McDowell v Di Pronio,* 52 AD2d 749). The resolution of conflicting evidence and the credibility of the witnesses is for the jury to determine *(Swensson v New York, Albany Desp. Co.,* 309 NY 497, 505). An appellate court, reviewing a decision setting aside a verdict and ordering a new trial, will reverse the trial court's order when a review of the evidence establishes that the order is unreasonable (see *McDowell v Di Pronio, supra; Terpening Trucking Co. v City of Fulton,* 46 AD2d 992; *Mann v Hunt,* 283 App Div 140). There is sufficient credible evidence in the record to support a jury verdict finding either or both drivers free from fault or, alternatively, that both or either driver was chargeable with negligence proximately causing the accident. That being so, it was unreasonable for the trial court to set aside the jury's verdict. (Appeal from order and judgment of Erie Supreme Court—set aside verdict —automobile negligence.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.