■ CALLANAN INDUSTRIES, INC., Appellant, v GLENS FALLS URBAN RENEWAL AGENCY, Respondent.—Appeal from a judgment of the Supreme Court in favor of defendant, entered May 6, 1977 in Warren County, upon a decision of the court at a Trial Term, without a jury, dismissing the complaint. In this action plaintiff seeks to recover for damages allegedly resulting from a delay by defendant in removing certain obstructions from two construction sites upon which plaintiff, pursuant to two written contracts with defendant, was to perform some construction work. Following a trial without a jury, the complaint was dismissed, and this appeal ensued. We hold that the judgment appealed from must be affirmed. Even though the construction work in this instance was ultimately completed within the period provided in the contracts, it is clear that defendant would still be liable to plaintiff in damages if it were established that defendant needlessly delayed plaintiff's performance of the work and thereby prevented plaintiff from saving substantial sums of money by completing the project ahead of schedule (Grow Const. Co. v State of New York, 56 AD2d 95; D'Angelo v State of New York, 46 AD2d 983, affd 39 NY2d 781). Here, however, plaintiff has failed to demonstrate any needless interference by defendant with the progress of the construction, and any delays which ultimately developed, whether caused by harsh weather or otherwise, were obviously within the contemplation of the parties when the contracts were executed. Since the contracts made clear that other parties would be involved in the construction and that co-ordination of the efforts of plaintiff and others would be necessary, delays resulting from said co-ordination were to be expected. Moreover, relative to the time of commencement of work by plaintiff, this was to occur only after notice to proceed was given by defendant, and it was admittedly understood by both parties that construction was not to begin immediately upon the execution of the contracts. In this regard, that time was plainly not of the essence is amply demonstrated by plaintiff's completion of its actual work in the same time as originally planned, i.e., three months, even though it was given 310 days to perform under the contracts. Under all of these circumstances, we conclude that plaintiff has failed to establish any delays for which defendant should respond in damages, and, accordingly, the complaint was properly dismissed. Judgment affirmed, with costs. Staley, Jr., Main, Larkin and Herlihy, JJ., concur; Kane, J. P., dissents and votes to reverse in the following memorandum. Kane, J. P. (dissenting). The majority concludes that defendant cannot be liable because such delays as did occur were within the contemplation of the parties when the contracts were executed on March 30, 1972, and it had not "needlessly" delayed plaintiff in the performance thereof. I disagree with that finding and reject the applicability of that standard. The contracts made it reasonably foreseeable that some delay might be occasioned by utility relocation and the demolition of a house. However, the extent of the contemplated

delay was made plain just three days later at a pre-construction meeting attended by all interested parties: it was fully expected that those items would be completed by June 1, 1972, at the latest, whereupon plaintiff would begin its major work under the contracts. In fact, the house was not removed until August 24, 1972, the very date on which plaintiff initiated the major portion of its efforts, and the utility difficulties were not finally resolved for another week. Thus, the delay that actually materialized was for longer than had originally been anticipated and foreseen. The contracts did not contain "no damage" clauses governing such happenstances; indeed, they affirmatively provided that *any* delay by defendant in furnishing the lands on which the work was to be done would constitute a proper cause for adjustment in the contract amount. Accordingly, whether defendant "needlessly" failed to see to it that the predicted delay was not exacerbated, or actively interfered with plaintiff's ability to perform, is simply not relevant (see *Peckham Rd. Co. v State of New York*, 32 AD2d 139, affd 28 NY2d 734). There is no claim that plaintiff contributed to a delay that continued beyond what the parties had contemplated and, therefore, any damages arising therefrom must be charged to defendant. If certain work could have been undertaken at an earlier date despite the obstructions, as defendant contends, that might lessen the amount of damages properly owing to plaintiff, but it does not represent a complete excuse for the delay itself. The judgment should be reversed with a direction for a new trial limited to the issue of damages since they cannot be calculated from the instant record.