MARY L. ARCHIE, as Administratrix of the Estate of REMBERT ARCHIE, JR., Deceased, Appellant, v TODD SHIPYARDS CORPORATION, Respondent and Third-Party Plaintiff. METALOCK REPAIR SERVICE, INC., Third-Party Defendant.—Judgment, Supreme Court, Bronx County, entered April 22, 1977, dismissing the complaint at the close of plaintiff's case, is unanimously reversed, on the law, and the matter is remanded for a new trial, with $75 costs and disbursements of this appeal to abide the event. This action was brought by the administratrix of decedent's estate. The defendant Todd

Shipyards Corporation owned, operated and controlled a drydock in Brooklyn and supplied the scaffolding used by employees of Metalock Repair Service, Inc., in connection with repairs upon a valve at said drydock. Plaintiff's decedent drowned in the lower chamber of the well of the drydock in question. The decedent was employed by Metalock at the time, and Metalock had contracted to make repairs on the valve at the drydock. Decedent worked the night shift on a hanging scaffold, none of whose sides rested against the drydock chamber. There were neither guard rails nor toe boards around the scaffold, and the construction of the scaffold was in violation of the New York City Building Code, the State Industrial Code and the American National Standards Institute. The night in question was both hot and humid. The decedent was found in the water clad only in undershorts, and his clothing was piled on the scaffolding. The absence of a ladder leading out of the well is noteworthy. At the close of the plaintiff's evidence the complaint was dismissed. Plaintiff argues that, in this wrongful death action, the evidence and defendant's violation of statutes is sufficient to make out a prima facie case of negligence and the case should not have been dismissed. The pivotal question here is whether or not plaintiff had made out a prima facie case. The record is quite convincing that there was sufficient evidence on the question of the defendant's negligence to warrant the submission of the case to the jury and dismissal of the complaint was improper. "Proof of defendant's liability may be established by circumstantial as well as by direct evidence. *(Allen v. Stokes,* 260 App. Div. 600, 603.) Where, as here, reasonable minds might differ concerning the legitimate inferences to be deduced from the circumstances shown, it is for the jury to draw such inferences." *(Witkowicz v Amalgamated Props.,* 264 App Div 156, 160.) In another case similar to the instant case this court held that "In view of the fact that the complaint was dismissed at the end of the plaintiff's case, we must construe the evidence adduced in the light most favorable to plaintiff and accord it every inference which can be reasonably drawn therefrom." *(Gonzalez v Concourse Plaza Syndicates,* 31 AD2d 401, 404.) This court continued *(Gonzalez, supra),* "Since this is a death action plaintiff is not held to as high a degree of proof as where an injured plaintiff can himself describe the occurrence. [Citation omitted.] Further, if there was any contributory negligence, it is a defense to be pleaded and proven by the defendants." Additionally, there is no requirement that plaintiff point to precise causes in establishing liability "It is enough if he show facts and conditions from which negligence * * * may be reasonably and legitimately inferred." *(White v Lehigh Val. R. R. Co.,* 220 NY 131, 136.) And "plaintiffs were not required to offer evidence which positively excluded every other possible cause of the accident" *(Snell v MVAIC,* 34 AD2d 872, 873). Subdivision 2 of section 240 of the Labor Law clearly requires the attachment of a safety rail at least 34 inches above the floor of the scaffold where the scaffold is suspended more than 20 feet above the floor, and must run the length of the scaffold and the ends thereof. According to the evidence the scaffold in question was not thusly safeguarded. In an action where negligence is the basis of liability, the failure to observe that standard of care imposed by the statute is negligence if the violation causes or contributes to causing the accident. (See *Martin v Herzog,* 228 NY 164.) Evidence was also adduced that custom and usage required a hand rail and a toe board (the latter to warn the worker when he approached the edge of the scaffold) be made a part of the scaffold. This practice was violated in the case at bar, and since this is a negligence case, this evidence was properly received and when a question of negligence is involved, then, for the purpose of showing

the exercise or the failure to exercise ordinary care, evidence of general custom and usage by others engaged in the same business as the defendant is competent *(Gonzalez, supra,* pp 404, 405). Such evidence is received in view of all the circumstances of the particular case, and though inconclusive, the jury has a right to give it such consideration as they think it should receive in connection with all the other facts (see *Shannahan v Empire Eng. Corp.,* 204 NY 543). The facts and circumstances of the accident, the fact that this is a death action with less strict burden of proof, the statutory violation in construction of the scaffold, the departure from trade customs and practices and the question of whether these violations and deviations were a proximate cause of the accident were all questions of fact for a jury and should not properly have been summarily dismissed by the trial court. Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.