■ ROCHESTER TELEPHONE CORPORATION, Appellant, v GREEN ISLAND CONSTRUCTION CORPORATION, Respondent.—Judgment unanimously reversed, on the law and facts, with costs, and verdict reinstated. Memorandum: In

this action to recover damages incurred to plaintiff's buried utility cable and conduit during highway construction by defendant, the Trial Judge set aside a jury verdict in favor of plaintiff and directed a verdict for defendant. It is well settled that a motion to set aside a jury verdict should not be granted unless the preponderance of the evidence in defendant's favor is so great that the verdict could not have been reached on any fair interpretation of the evidence (*Rudowski v Greenan*, 65 AD2d 958; *Boyle v Gretch*, 57 AD2d 1047) and, to direct a verdict, the trial court must find that the jury could not have found for plaintiff by any rational process (*Blum v Fresh Grown Preserve Corp.*, 292 NY 241, 245). The issues of whether it was foreseeable that the cable and conduit would be damaged by defendant's operation of earth moving equipment and whether plaintiff was contributorily negligent were properly for the jury (see *Parvi v City of Kingston*, 41 NY2d 553; *Quinlan v Cecchini*, 41 NY2d 686; *Di Salvo v Armae, Inc.*, 41 NY2d 80). We find sufficient credible evidence in the record to sustain the inference that defendant should have foreseen that its operation of earth moving equipment weighing 30 tons on a "haul road" which passed over the conduit and cable could damage them. Additionally, there was sufficient evidence in the record for the jury to have found that plaintiff's agents were not present at the conduit until after the damage had occurred and that plaintiff was not contributorily negligent. Accordingly, the court should not have set aside the verdict. (Appeal from judgment of Monroe Supreme Court—set aside jury verdict and dismiss complaint.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.