tive evidence tending to connect defendant with such criminal possession. We have examined the remaining issues raised by defendants on appeal and find them to be without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J. — robbery, first degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK GREENE, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the same memorandum as in *People v Polk* (84 AD2d 943). (Appeal from judgment of Onondaga County Court, Cunningham, J. — robbery, first degree, and other charges.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LEE, Appellant. — Judgment unanimously modified, on the law and facts, and, as modified, affirmed, in accordance with the same memorandum as in *People v Polk* (84 AD2d 943). (Appeal from judgment of Onondaga County Court, Cunningham, J. — robbery, first degree, and other charges.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ KATHLEEN A. SLOCUM, as Administratrix of the Estate of CLIFFORD J. SLOCUM, Deceased, Appellant, v THOMAS J. SOLOMON, as Administrator of the Estate of NICHOLAS BOLOGNA, Deceased, Respondent, et al., Defendant. — Judgment unanimously affirmed, without costs. Memorandum: In affirming, we note that in a memorandum decision denying plaintiff's motion to set aside the jury verdict of no cause of action as to defendant Bologna's estate, the Trial Judge wrote that he agreed with plaintiff's argument that "the evidence clearly demonstrated the operator of the Bologna vehicle was negligent". If that statement was intended to mean, as now urged by plaintiff, but without our concurrence, that the trial court would have granted the motion to set aside the verdict if the only issue on the motion was the question of Bologna's negligence, it must be rejected. In its charge, the court properly submitted to the jury the question of whether plaintiff's intestate, Slocum, or defendant's intestate, Bologna, was the operator of the vehicle in which both were occupants at the time of the accident. It was only upon a finding that Bologna was the operator that the jury was to resolve the question of negligence. It may not be said as to either issue that the preponderance of the evidence in plaintiff's favor was "so great that the verdict could not have been reached upon any fair interpretation of the evidence" *(Boyle v Gretch,* 57 AD2d 1047, 1048). (Appeal from judgment of Monroe Supreme Court, Yesawich, J. — automobile negligence.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of ODELL TRUEHART, Appellant, v SAMUEL HARGROVE, Respondent. — Order unanimously reversed, without costs, and petition reinstated. Memorandum: Petitioner filed several petitions in Family Court charging respondent with being the father of a child born to her out of wedlock. All were dismissed for varying reasons, most generally because of the nonappearance of one or the other of the parties. At no time did the court address, or have the opportunity to address, the merits of the several petitions. Petitioner appeals from the order dismissing the last petition which was dismissed because the court was of the view that the filing of yet another petition amounted to "harassment" of respondent. The only issue on appeal is whether any of the prior dismissals were "on the merits" or "with prejudice". We conclude they were not. "A judgment dismissing the complaint upon a plaintiff's failure to appear is not upon the merits" *(Greenberg v De Hart,* 4 NY2d 511, 516-517; see,