■ THOMAS F. CORCORAN, Appellant-Respondent, v SALLY A. CORCORAN, Respondent-Appellant. — Order unanimously affirmed, with costs to defendant. Memorandum: Plaintiff's motion to modify his alimony and support obligations was properly denied without a hearing since the affidavits fail to establish a substantial change in the respective financial positions of the parties (*Hickland v Hickland,* 56 AD2d 978, 979). (Appeals from order of Supreme Court, Onondaga County, Inglehart, J. — divorce.) Present — Callahan, J. P., Doerr, Boomer and Moule, JJ.

■ ROBERT HARRIS, Respondent-Appellant, v CLARENCE E. ARMSTRONG et al., as Executors of LESSIE V. COOL, Deceased, et al., Respondents, and WILLIAM COOL, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff concedes that on the record herein the trial court's decision to set aside the verdict as against defendant Donald Van Liere was proper. We agree. It was improper, however, to set aside the verdict as to the owner-occupant, Lessie Cool. No objections or exceptions were made to the court's instructions to the jury and a series of questions for the jury were submitted with the acquiescence of all counsel. To the extent that the issues have been preserved for our review, the trial court's instructions concerning the defendants William and Lessie Cool based upon common-law negligence and a violation of section 200 of the Labor Law, were not erroneous as a matter of law (see *Bichler v Lilly & Co.,* 55 NY2d 571, 576). In deciding whether to grant a motion under CPLR 4404 to set aside the verdict, a court should be guided by the rule that if the verdict is one which reasonable men could have rendered after receiving conflicting evidence, the court should not substitute its judgment in place of the verdict (*Boyle v Gretch,* 57 AD2d 1047). Where varying inferences from the evidence are possible, the issue of negligence is left to the jury (*Eddy v Syracuse Univ.,* 78 AD2d 989, mot for lv to app den 52 NY2d 705). In evaluating the evidence in light of the court's instructions, which became the governing law, we cannot say that the jury's verdict as against William Cool and Lessie Cool, his wife, is without a sufficient factual foundation. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J. — negligence.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.