■ JOSEPH BUSCAGLIA et al., Appellants, v JAMES OLKA, Respondent. — Order unanimously reversed, with costs, motion denied and verdict reinstated. Memorandum: Trial Term improperly set aside the jury verdict in this personal injury suit arising out of an automobile accident. The accident occurred at the intersection of Elmwood Avenue and Hampton Street in the Town of Tonawanda. Hampton Street traffic is controlled by a stop sign, while Elmwood Avenue traffic has the right of way. Plaintiff, who was southbound on Elmwood, testified that she observed defendant's car on Hampton Street traveling eastbound at 40 miles per hour; that she was 15 yards and defendant 60 yards from the intersection when she first observed him; and that defendant failed to stop at the stop sign, causing the collision. Plaintiff also testified that she did not take evasive measures when she first saw defendant's car. Defendant testified that he stopped for the stop sign, looked both ways, then proceeded through the intersection. He never saw plaintiff's car prior to the

collision. Thus, the testimony presented sharply conflicting questions of fact. ¶ The trial court set aside the verdict, finding plaintiff comparatively negligent as a matter of law. This was error. A jury verdict should be disturbed only when the evidence is " 'so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Slocum v Solomon,* 84 AD2d 946; *Rochester Tel. Corp. v Green Is. Constr. Corp.,* 71 AD2d 798; *Boyle v Gretch,* 57 AD2d 1047). Issues of proximate cause and comparative negligence are jury questions (see *MacDowall v Koehring Basic Constr. Equip.,* 49 NY2d 824; *Monahan v Weichert,* 82 AD2d 102). We conclude that the jury could deduce negligence against the defendant alone (see *Archie v Todd Shipyards Corp.,* 65 AD2d 699). We further conclude that the verdict is not so excessive as to shock the conscience of the court (see *Beardsley v Wyoming County Community Hosp.,* 79 AD2d 1110; *Franchell v Sims,* 73 AD2d 1; *Welty v Brown,* 57 AD2d 1000). (Appeal from order of Supreme Court, Erie County, Kramer, J. — set aside verdict.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.