■ JOHN A. TURNER, Appellant, v GRANT R. SPAIDE, Respondent. (Action No. 1.) GRANT R. SPAIDE et al., Appellants, v JOHN A. TURNER, Respondent. (Action No. 2.) — Weiss, J. Appeal, in action No. 1, from a judgment of the Supreme Court in favor of defendant, entered November 1, 1983 in Montgomery County, upon a verdict rendered at Trial Term (Crangle, J.).

Appeal, in action No. 2, from a judgment of the Supreme Court in favor of defendant, entered November 9, 1983 in Montgomery County, upon a verdict rendered at Trial Term (Crangle, J.).

An accident occurred on August 2, 1980 at the intersection of Route 30 and Shellstone Road in the Town of Florida, Montgomery County. An automobile owned and operated by John A. Turner, which had been proceeding southerly on Route 30, struck an automobile owned and operated by Grant R. Spaide as it exited Shellstone Road and was in the process of turning left onto Route 30, intending to proceed southerly after the turn. Turner commenced action No. 1 against Spaide to recover damages for personal injuries sustained as a result of the accident; Spaide, together with his wife who was a passenger, commenced action No. 2 against Turner to recover damages for their personal injuries. The cases were tried together and the jury returned verdicts of no cause of action in both lawsuits. Plaintiffs

in each action have appealed from both the verdicts and the denial of their respective motions to have the verdicts set aside.

Turner contends that the trial court erred in refusing to admit into evidence a motor vehicle accident report prepared and filed by a member of the Montgomery County Sheriff's Department who came upon the scene of the accident some 30 minutes after its occurrence. Turner, while conceding the document to be hearsay, contends that it is admissible as an exception to the hearsay rule under the business records exception (CPLR 4518). We disagree. Police reports are admissible as business records if the reporting officer witnesses the accident or if the person who relayed the information to the officer was under a business duty to do so (*Stevens v Kirby*, 86 AD2d 391, 395; *see also, Johnson v Lutz*, 253 NY 124). Otherwise, the facts stated in the report may be proved by a business record only if the statement qualifies as a hearsay exception, such as an admission (*Stevens v Kirby, supra*, p 395; *Toll v State of New York*, 32 AD2d 47; *Chemical Leaman Tank Lines v Stevens*, 21 AD2d 556). We find the cases cited by Turner to be inapposite and hold that the trial court correctly refused to admit the report (*see, Murray v Donlan*, 77 AD2d 337, *appeal dismissed* 52 NY2d 1071). We further find Turner's arguments that the trial court erred in refusing his requests to charge Vehicle and Traffic Law §§ 1141, 1142 (a); § 1172 have not been preserved for appellate review for failure to have either objected to or taken proper exception from the court's rulings (CPLR 4017, 4110-b, 5501 [a] [3]; *see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Chapman v Thirty Ninth St. Realty Corp.*, 26 AD2d 806).

Finally, we find that the trial court properly denied motions by both Turner and Spaide to set aside the jury verdicts on their respective cases as against the weight of the evidence. "A jury verdict should be disturbed only when the evidence is 'so great that the verdict could not have been reached upon any fair interpretation of the evidence' (*Slocum v Solomon*, 84 AD2d 946; *Rochester Tel. Corp. v Green Is. Constr. Corp.*, 71 AD2d 798; *Boyle v Gretch*, 57 AD2d 1047)" (*Buscaglia v Olka*, 101 AD2d 713, 714). Upon the evidence in this record, the jury could properly find that neither driver was negligent.

Judgments affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.