■ OFRA STAROBIN, Appellant, v HUDSON TRANSIT LINES, INC., Respondent.—In an action to recover damages for personal injuries, etc., plaintiff appeals from a judgment of the Supreme Court, Orange County (Marbach, J.), entered December 19, 1983, upon a jury verdict in favor of the defendant and against her.

Judgment affirmed, with costs.

Plaintiff, then a 26-year-old woman living at home with her parents, was allegedly injured in a minor accident on September 25, 1980, while riding as a passenger in a commuter bus owned by the defendant. Plaintiff was the only passenger who claimed to have been injured, and testified at trial that she felt pain in her neck immediately after the impact. She consulted several doctors, had numerous tests, and was hospitalized intermittently for periods as long as several months over the next three years. She claimed that the initial pain in her neck and arm had decreased, but that she then developed pain in her lower back and legs which persisted at the time of trial. Plaintiff had a history of psychosomatic problems, and all of the experts who testified at trial agreed that she suffered from a profound personality disorder and that her physical symptoms were emotionally based.

While plaintiff's experts testified that her physical disability was the result of the accident, the jury apparently credited the contrary opinion of defendant's expert to the effect that the plaintiff, because of her personality disorder, was using

the fortuitous occurrence of the accident as a "socially acceptable method of * * * expressing her general discontent". In his opinion, plaintiff was causing her own disability, and using the accident as the explanation therefor.

The resolution of conflicting expert testimony is a matter for the jury (*Felt v Olson*, 51 NY2d 977), and they may accept any one of the opposing theories which they believe best explains the point at issue and is supported by the evidence presented. The record herein adequately supports the jury's verdict. It cannot be said that the evidence at trial so preponderated in favor of the plaintiff that no reasonable trier of fact could have concluded otherwise (*Taype v City of New York*, 82 AD2d 648). Accordingly, the judgment appealed from is affirmed. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.