■ REED PAVING, INC., Appellant, v GLEN AVENUE BUILDERS, INC., Respondent.—Order unanimously reversed on the law without costs and verdict reinstated. Memorandum: After a trial at which plaintiff sought recovery for additional work performed in adding topsoil and seeding certain areas allegedly beyond that required by the contract between the parties, the jury rendered a verdict in favor of plaintiff. On motion of defendant, the court set the verdict aside and dismissed the complaint with prejudice, finding that "the verdict is palpably wrong, and * * * that the jury could not have reached their conclusion upon any fair interpretation of the evidence." This was error.

Proof of damages was offered by plaintiff's vice-president, who testified that his computations of the cost of additional work performed by plaintiff were based upon actual expense records kept in his office and represented actual, not esti-

mated, costs based on actual expenditures. These records were not introduced at trial to support this testimony. Defendant offered no proof in rebuttal to this testimony, but did move for a trial order of dismissal on two occasions, claiming that plaintiff failed to prove its actual damages. Defendant requested and was granted an unfavorable inference charge concerning the failure of plaintiff to produce documentary evidence on the issue of damages. Nonetheless, the jury chose to credit the witness's testimony and this evaluation of credibility should not be disturbed.

Proof of damages may be based upon oral testimony alone, so long as the witness has knowledge of the actual costs *(see, Najjar Indus. v City of New York,* 87 AD2d 329, 332, *affd* 68 NY2d 943; *D'Angelo v State of New York,* 46 AD2d 983, *affd* 39 NY2d 781). Here, the witness was completely familiar with the actual costs involved. He was vice-president of the company at the time and supervised the work on the project.

The evidence presented supports the conclusion by the jury that plaintiff was required to perform additional work not originally specified by the contract. A jury verdict should not be disturbed unless it could not be reached by any fair interpretation of the evidence *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Buscaglia v Olka,* 101 AD2d 713, 714). We conclude that the court's decision to set aside the jury verdict in this case was unwarranted *(see, Kuncio v Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). (Appeal from order of Supreme Court, Onondaga County, Miller, J.—set aside jury verdict.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.