■ DONALD SHAW, Appellant, v BINGHAMTON LODGE No. 852, B.P.O. ELKS HOME, INC., Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered July 11, 1988 in Broome County, upon a verdict rendered in favor of defendant.

Plaintiff brought this negligence action to recover for personal injuries sustained when he fell down an elevator shaft on defendant's premises. The proof adduced at trial established that plaintiff opened the first-floor elevator door by depressing the door interlock with a screwdriver and, unaware that the elevator car was on the third floor, stepped into the dark elevator shaft, falling to the basement. The jury returned a verdict in favor of defendant and Supreme Court denied plaintiff's motion to set aside the verdict. Plaintiff appeals.

We affirm. Jury verdicts must be accorded great deference *(Nicastro v Park,* 113 AD2d 129, 134) and are not lightly set

aside *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805). A verdict should not be set aside as against the weight of the evidence unless it appears that the evidence so predominates in favor of the moving party that the verdict cannot be supported by any fair interpretation of the evidence *(Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609; *Palermo v Gambitsky,* 92 AD2d 1005, 1006). Here, while plaintiff produced an expert who testified, *inter alia,* that the lighting in the elevator car, the lack of floor indicator signs and the capability of gaining access to the elevator shaft without the elevator car being present were not in accord with good engineering practice, the jury apparently credited the contrary opinion of defendant's expert that the elevator "met all the guidelines and good safety practices" that were applicable. The resolution of conflicting expert testimony is a matter peculiarly within the province of the jury *(Jones v Schockett,* 109 AD2d 821, 822), which may accept the theory that, in its view, best explains the point at issue and is supported by the evidence *(Starobin v Hudson Tr. Lines,* 112 AD2d 987, 988). Based upon our review of the record, we cannot say that the jury's verdict is against the weight of the evidence. Accordingly, the judgment appealed from should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.