■ Rose Sprung, Appellant, v Eileen K. O'Brien, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered May 25, 1989 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiff commenced this action seeking to recover damages for injuries sustained when she was struck by an automobile operated by defendant while she was walking along Hackett Boulevard in the City of Albany on June 18, 1987 at approximately 9:30 P.M. The weather conditions that evening were clear, dry and dark, with the roadway illuminated by overhead street lights. Defendant was proceeding eastbound on Hackett Boulevard at approximately 25 miles per hour in moderate traffic with the headlights on. As defendant approached the Fullerton Street intersection, her vehicle struck plaintiff, who was walking in a westerly direction facing oncoming traffic. At trial, the key point of dispute was whether defendant's car had left the traveled portion of the eastbound lane onto either the paved shoulder or a grassy area adjacent thereto when plaintiff was struck, or whether plaintiff had in fact stepped in front of defendant's vehicle as it proceeded on Hackett Boulevard. Following the conclusion of all evidence before the jury, a verdict of no cause of action in favor of defendant was rendered. Plaintiff's motion to set aside the verdict was denied and this appeal ensued.

Plaintiff contends that Supreme Court incorrectly denied her motion to set aside the verdict as contrary to the weight of the credible evidence. We disagree. "A verdict may be successfully challenged as against the weight of the evidence only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" *(Frasier v McIlduff,* 161 AD2d 856, 858; *see, Shaw v Binghamton Lodge No. 852,* 155 AD2d 805). Such a situation has not been presented in this case.

Here, defendant testified that as she was driving, she suddenly saw something on the right front side of her car. Defendant stated that she then applied the brakes, heard a thump and brought her car to a complete stop with the vehicle resting entirely within the driving lane and the tires

pointed straight down Hackett Boulevard. Defendant and a police officer testified as to the location of the vehicle and the fact that no one moved it prior to the time photographs of defendant's vehicle were taken at the scene. Plaintiff points out, however, that her expert testified at trial that defendant must have swerved onto the shoulder. His opinion was based on the damage to defendant's car and the position/location where plaintiff allegedly came to rest following the impact. However, it appears from the record that plaintiff's expert had no first-hand knowledge of the accident scene, received most of his information from an accident report and apparently failed to consider, in his responses to hypothetical questions, that plaintiff apparently was moved from her original position shortly after impact. It is our view that based on the testimony offered by defendant, the accident scene photos and the fact that most of plaintiff's injuries occurred on the right side of her body, the jury could rationally conclude that plaintiff (an octogenarian with cataracts, glaucoma and a hearing aid) suddenly tripped or stumbled into the path of defendant's oncoming vehicle. Because we cannot conclude that the jury's verdict was against the weight of the evidence, the judgment appealed from should be affirmed.

Plaintiff's remaining arguments have been examined and have been found to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.