■ DAVE'S ICE CREAM CAKES, INC., Appellant, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Respondent.— Order and judgment unanimously reversed on the law with costs, motion denied and verdict reinstated. Memorandum: This action to recover the proceeds of a life insurance policy issued by defendant on the life of David Graham was before this Court on a prior occasion *(Dave's Ice Cream Cakes v Penn Life Ins. Co.,* 148 AD2d 937). At that time, we affirmed a ruling of Supreme Court which held that the life insurance policy in the amount of $500,000 never became effective because Graham had not signed the amended application and the policy was never physically delivered to him. It was also

found that there were triable issues of fact as to whether defendant was liable for $100,000 under the conditional receipt issued by the insurer.

Following close of proof at trial on the issues, the court denied motions by both parties for a directed verdict on the grounds that there were factual questions for the jury to resolve. The court instructed the jury that they should determine whether the question on the application for insurance about the use of "habit forming drugs" was ambiguous and whether the decedent knowingly misrepresented a material fact by answering that question in the negative. Defendant took no exception to the court's charge nor did it make any request for further instructions. The jury rendered a verdict for plaintiff. Defendant's motion pursuant to CPLR 4404 to set aside that verdict was granted. Plaintiff appeals.

Supreme Court erred when it granted defendant's motion to set aside the jury verdict in favor of the plaintiff and dismissed plaintiff's complaint on the merits. "In deciding whether to grant a motion under CPLR 4404 to set aside the verdict, a court should be guided by the rule that if the verdict is one which reasonable men could have rendered after receiving conflicting evidence, the court should not substitute its judgment in place of the verdict" (*Harris v Armstrong*, 97 AD2d 947, *affd* 64 NY2d 700; *Boyle v Gretch*, 57 AD2d 1047).

In evaluating the evidence in light of the court's instructions, we conclude that there is sufficient credible evidence in the record to support the jury's verdict in favor of plaintiff. The proof established that the phrase "habit forming drugs" was not defined in the application and that the agent who went over the application with the insured did not otherwise explain or define what was meant by this question. Although there was some evidence that decedent may have used drugs upon occasion, the extent of his usage was the subject of conflicting testimony. Thus, it cannot be said that the jury's verdict was without a sufficient factual foundation. (Appeal from Order and Judgment of Supreme Court, Orleans County, Miles, J.—Recover Insurance Proceeds.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.