■ CATHY A. MARTIN, Appellant, v JIM A. SEAMAN et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant Merna L. Seaman. The jury determined that plaintiff did not suffer a serious injury as defined in Insurance Law § 5102 (d).

We cannot conclude that the verdict was against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*Shaw v Binghamton Lodge No. 852*, 155 AD2d 805, 806; *Nicastro v Park*, 113 AD2d 129, 134). Moreover, when the issue at trial involves the credibility of conflicting expert testimony, the resolution of that conflict is "a matter peculiarly within the province of the jury" (*Shaw v Binghamton Lodge No. 852, supra*, at 806; *see generally, People v Bleakley*, 69 NY2d 490, 495). Here, there was conflicting expert medical evidence on the issue of whether plaintiff sustained a serious injury as a result of the automobile accident involving defendant in January 1986. In our view, the jury reasonably could have concluded that plaintiff's injury was not serious (*see, Licari v Elliott*, 57 NY2d 230, 236).

We find no error in the trial court's determination not to admit plaintiff's explanation why she continued to work full time and substantial overtime in the three years following the accident. Plaintiff sought to admit evidence that, during that period, her husband suffered a heart attack and she became the sole support of the family. The subjective reason why plaintiff continued to work following the accident is not relevant to the jury's determination of whether plaintiff sustained a serious injury.

We have examined plaintiff's remaining arguments and find them lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.