THOMAS HALL et al., Appellants, v PRESTIGE REMODELING AND HOME REPAIR SERVICE, INC., et al., Defendants, and SCOVILL MANUFACTURING COMPANY, Respondent, and Third-Party Plaintiff, et al., Third-Party Defendant. (Appeal No. 1.) [596 NYS2d 616] —Judgment unanimously reversed on the law with costs, motions denied and verdict reinstated. Memorandum: Plaintiffs commenced this action to recover damages sustained in a September 1982 fire at their home. Plaintiffs alleged that the fire was caused by a defective fan motor in the range hood manufactured by third-party defendant Gould, Inc. (Gould) and assembled by defendant Scovill Manufacturing Company (Scovill). After a trial on the issue of liability, the jury rendered a verdict for plaintiffs. Thereafter, the court granted the motions of Scovill and Gould to set aside the verdict as against the weight of the evidence and directed a verdict in favor of Scovill and Gould.

Supreme Court erred when it granted the motions to set aside the jury verdict in favor of plaintiffs and directed a verdict in favor of Scovill and Gould. "It is well settled that a motion to set aside a jury verdict should not be granted unless the preponderance of the evidence in defendant's favor is so great that the verdict could not have been reached on any fair interpretation of the evidence * * * and, to direct a verdict, the trial court must find that the jury could not have found for plaintiff by any rational process" *(Rochester Tel. Corp. v Green Is. Constr. Corp.,* 71 AD2d 798, 799, *affd* 51 NY2d 788; *see also, Dave's Ice Cream Cakes v Penn Life Ins. Co.,* 170 AD2d 1026, 1027; *Turner v Spaide,* 108 AD2d 1025, 1026). Moreover, the resolution of issues regarding the credibility of both expert and lay witnesses is a matter peculiarly within the province of the jury *(see, Gonzalez v Moscarella,* 142 AD2d 550, 551; *Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716, *lv denied* 69 NY2d 605) and a jury faced with conflicting expert testimony is entitled to accept the theory that, in its view, best explains the point in issue and is supported by the evidence *(see, Lillis v D'Souza,* 174 AD2d 976, 977, *lv denied* 78 NY2d 858; *Shaw v Binghamton Lodge No. 852, B.P.O. Elks Home,* 155 AD2d 805, 806).

We conclude that the jury verdict is supported by sufficient evidence and is not against the weight of the evidence *(see, Rochester Tel. Corp. v Green Is. Constr. Corp., supra,* at 799). The jury reasonably could have credited the testimony of plaintiffs' experts that the fire was caused by a defective fan motor in the range hood. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Directed Verdict.) Present —Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.