■ CARL J. SWEENEY, Appellant, v WEGMAN'S FOOD MARKET, INC., Respondent. [619 NYS2d 462] —Order and judgment reversed on the law with costs, motion denied, complaint and verdict reinstated. Memorandum: Supreme Court erred in granting defendant's motion to set aside the jury verdict. The court presented the jury with a verdict sheet that directed: "After considering all of the credible evidence and the law as I have previously stated to you in this charge, consider the following questions". The jury unanimously determined each issue presented.

A jury verdict should not be disturbed unless it could not be reached by any fair interpretation of the evidence *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Buscaglia v Olka,* 101 AD2d 713, 714). We conclude that the court's decision to set aside the jury verdict in this case was unwarranted *(see, Reed Paving v Glen Ave. Bldrs.,* 148 AD2d 934; *Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608).

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum.

Balio, J. (dissenting). Plaintiff commenced this action seeking damages for injuries he suffered when he slipped on a slippery and icy pavement in defendant's parking lot. After plaintiff rested and upon the close of evidence, Supreme Court reserved decision on defendant's motion to dismiss for failure to prove a prima facie case. Subsequently, the court granted defendant's motion to set aside the jury verdict in plaintiff's favor and dismissed the complaint, concluding that there was no rational basis for the jury's findings that there was no storm in progress at the time plaintiff fell and that defendant had constructive notice of the slippery and icy pavement in the parking lot. Because the court properly determined that there was insufficient evidence to support those findings, I respectfully dissent and vote to affirm.

Plaintiff and a co-employee testified that it was stormy when they reported to work shortly after noon on December 6, 1989. Plaintiff observed that the roads were slushy and beginning to get icy. The co-employee looked outside twice during his work shift and observed that either freezing rain or sleet was falling. Plaintiff and his co-employee left work about 11:30 P.M. Plaintiff testified that a light drizzle was falling, the windshield was icy and the roads were slippery, "kind of icy". Plaintiff and his co-employee testified that the light drizzle continued as they drank a couple of beers while sitting in a parking lot adjacent to a restaurant. About 45 minutes later, the two men went to Wegman's to get another six-pack of beer and some food. On arrival at Wegman's, they observed that the light drizzle or freezing rain was continuing. Plaintiff observed that the parking lot was slushy and slippery. The co-employee noticed that there were puddles on the ground, but there also was ice on the ground and it was getting noticeably colder. On leaving the store a few minutes later, plaintiff slipped on an icy area of the pavement that had a light dusting of snow on it. A meteorologist testified that recordings registered at the airport indicated precipitation throughout the day beginning at 4:00 P.M., with light snow falling from

11:00 P.M. to 1:00 A.M. the next morning, the approximate time that plaintiff fell. The witness had no reason to believe that the weather conditions were any different at the airport than at Wegman's parking lot.

There is no proof that Wegman's had actual knowledge of the icy condition in the parking lot. Plaintiff's proof that mixed forms of winter precipitation, either sleet, freezing rain or snow, fell through the afternoon and evening hours prior to the accident and that, as plaintiff entered Wegman's, freezing rain or snow was falling and the pavement of the parking lot was slushy, slippery and beginning to become icy established that the winter storm was continuing at the time of the accident. The proof was insufficient to support an inference that the mixed precipitation that gave rise to the icy condition of the parking lot ceased for a period of time sufficient to enable Wegman's to employ remedial measures. Under the circumstances, the court correctly determined that there is no rational interpretation of the evidence that would support the jury's findings *(see, Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932; *Bressler v Rule Realty Co.,* 219 App Div 529, *affd* 248 NY 619; *Rothrock v Cottom,* 115 AD2d 242, *lv denied* 68 NY2d 601). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Pooler, J.—Set Aside Jury Verdict.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.