■ JEFFREY K. WEISBRICH, Appellant, v WILLIS MULDROW, JR., Respondent. [731 NYS2d 784] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 11, 2000 in Rensselaer County, upon a verdict rendered in favor of defendant.

On the evening of May 6, 1993, plaintiff was riding his motorcycle on State Route 7 in the Town of Berlin, Rensselaer County, when it was struck in the rear by an automobile operated by defendant. As a consequence, plaintiff commenced this action against defendant for damages allegedly resulting from the injuries sustained in said accident. Following a jury trial, a verdict was rendered in favor of defendant and this appeal by plaintiff ensued.

Initially, plaintiff contends that Supreme Court erred in denying his motion to set aside the verdict as against the

weight of the evidence. We disagree. At trial, plaintiff testified that he was proceeding along Route 7 at approximately 50 to 55 miles per hour when he became nervous by defendant's rapid approach from behind. Plaintiff then slowed to approximately 30 miles per hour, tapped his brakes and started to pull over but was unable to do so because of a fence alongside the road. He then tried to get ahead of defendant by accelerating to 55 miles per hour, at which point he heard defendant applying his brakes and was struck in the rear by defendant's vehicle, throwing him off his motorcycle and onto the hood of defendant's car.

Defendant, on the other hand, testified that prior to the accident, he was traveling at 55 miles per hour and approximately 40 to 50 feet behind plaintiff's motorcycle. At some point, plaintiff veered to the right shoulder of the road and defendant slowed only to accelerate again after plaintiff accelerated and resumed traveling in the northbound lane of travel. According to defendant, the accident occurred when plaintiff, without warning, came to a screeching halt in the northbound lane of travel; defendant attempted to stop but struck plaintiff in the rear. According to defendant, plaintiff was not thrown from his motorcycle, he complained of no injuries at the time of an investigation by the Sheriff's Department and he drove from the scene of the accident.

The disparate versions of the manner in which the accident occurred presented nothing more than a credibility issue for the jury. Assuming that the jury credited defendant's testimony—which it undoubtedly did—we cannot say that the evidence preponderates so greatly in plaintiff's favor that the jury could not have reached its conclusion upon any fair interpretation of the evidence (*see, e.g., Sprung v O'Brien*, 168 AD2d 755, 755-756).

With regard to plaintiff's challenges to Supreme Court's jury charge, suffice it to say that none were preserved for review save plaintiff's contention that the court's failure to charge the jury in accordance with the *Noseworthy* doctrine (*see, Noseworthy v City of New York*, 298 NY 76) and Vehicle and Traffic Law § 1122 was error. With regard to the former, we need only note that plaintiff testified in detail regarding the events that occurred on the day of the accident and, accordingly, Supreme Court quite properly refused to charge the jury on the *Noseworthy* doctrine. With regard to Vehicle and Traffic Law § 1122, which governs the overtaking and passing of vehicles proceeding in the same direction, Supreme Court again properly refused to charge that portion of the Vehicle and Traffic Law

inasmuch as neither defendant nor plaintiff testified that defendant passed, was passing or attempting to pass plaintiff at the time of the accident.

We are also of the view that Supreme Court did not abuse its discretion in precluding the testimony of two of plaintiff's lay witnesses. Finally, we find academic the claimed error of Supreme Court in limiting the testimony of plaintiff's medical expert in view of the liability verdict in favor of defendant.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.