Memorandum. The order of the Appellate Division should be affirmed.
We reject the State’s contention that claims under public construction contracts must be proved by written business records which would be subject to audit by the State. We know of no statute, rule or decisional law which requires proof in such form. It may well be imprudent and hazardous for the claimant not to maintain detailed business records. He runs the substantial risk that his oral testimony may be disbelieved to a lesser or greater extent and that accordingly his claim may be disallowed in whole or in part for insufficiency of *783 proof. Most claimants would seek to avoid such risks. But to the extent that oral testimony is credited by the trier of the facts in the absence of business records, and the claim is thus allowed, we know of no predicate on which the State can base a claim of insufficiency as a matter of law. Arguments now advanced by the State that the oral testimony of claimant’s principal witness was speculative, based to a very large extent on his subjective memory alone, reflected such selective acuity of recollection as to be suspect, was not otherwise substantiated, and could not be verified by audit, and similar contentions are unavailing in our court. All touch on issues of credibility and weight of evidence as to findings of fact made by the Court of Claims on the second trial and affirmed at the Appellate Division.
We have examined the State’s other contentions and conclude that all involve factual questions and differences as to elements of damage which are beyond our review.