■ Toby Spiselman, Respondent, v Empire State Dental Group, P. C., et al., Appellants. [648 NYS2d 915] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered June 14, 1995, after a jury trial, awarding plaintiff, *inter alia*, the principal amount of $362,000 for past pain and suffering, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 3, 1996, which denied defendants' motion to vacate the aforesaid judgment and to settle an order reducing the jury verdict for past pain and suffering from $362,000 to $250,000, unanimously dismissed, without costs, as academic in view of the foregoing.

The evidence supports the jury's conclusion that defendants' malpractice caused her to undergo significant corrective dental work over a period of four years and we conclude that the award for past pain and suffering does not deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]).

Defendants' complaints about a comment made by plaintiff's counsel on summation and a portion of the jury charge were not preserved for appellate review by timely objection on the grounds now raised, and we decline to consider them on this appeal. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.

■ In the Matter of the Arbitration between Phipps Genzano International, Inc., Appellant, and State Trading Corporation of India, Ltd., Respondent. [648 NYS2d 566] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered April 23, 1996, which denied petitioner's motion to vacate an arbitration award in favor of respondent, and confirmed the award, unanimously affirmed, with costs.

There was no tangible evidence that the arbitrators conducted their own investigation of market prices. However, assuming, as petitioner claims, that the arbitrators resorted to personal knowledge of market prices in arriving at respondent's damages, they were justified in doing so, being of the trade, and thus familiar with "just such matters as what are current prices" (*American Almond Prods. Co. v Consolidated Pecan Sales Co.*, 144 F2d 448, 450). We have considered petitioner's other claims, including that the arbitrators were partial, and find them to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.