■ JEANETTE PADILLA, Respondent, v STYLE MANAGEMENT Co., INC., et al., Appellants. [681 NYS2d 20] —Judgment, Supreme Court, New York County (Salvador Collazo, J., and a jury), entered May 27, 1997, in favor of plaintiff in the principal amount of $239,390, unanimously affirmed, with costs.

In this trial on the issue of damages arising out of an automobile accident, plaintiff established that she suffered a "serious injury" as defined in Insurance Law § 5102 (d) by her testimony that she was confined to bed for approximately seven months after the accident, and was unable to work or to care for her child for a period of several years, which testimony was confirmed by expert testimony concerning her injuries (*see, Williams v Omera*, 190 AD2d 618; *Gleissner v LoPresti*, 135 AD2d 494; *Kim v Cohen*, 208 AD2d 807). The award of $175,000 for past and future pain and suffering does not deviate materially from what is reasonable compensation under the circumstances (*cf., Robillard v Robbins*, 168 AD2d 803, *affd* 78 NY2d 1105; *Adams v Romero*, 227 AD2d 292; *Brown v Stark*, 205 AD2d 725).

Defendants' claim of prejudice resulting from a comment by plaintiff's attorney during summation, which was not objected to by defendants, is not preserved for review (*see, Reilly v Wright*, 55 AD2d 544; *Spiselman v Empire State Dental Group*, 232 AD2d 296, *lv denied* 89 NY2d 1027). Were we to consider the argument, we would find that the isolated comment did not reflect the tenor of plaintiff's summation and would not warrant reversal (*see, Schechtman v Lappin*, 161 AD2d 118, 121). Concur—Ellerin, J. P., Nardelli, Williams and Andrias, JJ.