DAVID DRISCOLL, Respondent-Appellant, v PAUL CASEY, Appellant-Respondent. (Appeal No. 1.) [750 NYS2d 223] —Appeal and cross appeal from a judgment of Supreme Court, Erie County (Howe, J.), entered November 14, 2001, which granted plaintiff a structured judgment upon a verdict awarding damages.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained in a motor vehicle accident when defendant allegedly failed to yield the right of way at a stop sign. Supreme Court granted plaintiff's cross motion for partial summary judgment on negligence and, after a trial on damages, the jury awarded plaintiff $50,000 for past pain and suffering and $300,000 for future pain and suffering over a 20-year period. Contrary to defendant's contention, the court properly granted plaintiff's cross motion for partial summary judgment. Plaintiff met his initial burden by establishing his entitlement to judgment on negligence as a matter of law, and defendant failed to raise a triable issue of fact with respect to plaintiff's alleged comparative negligence (*see Disher v Ahern*, 294 AD2d 393; *Ponticello v Wilhelm*, 249 AD2d 459). Defendant's vehicle proceeded into plaintiff's lane only an instant before the collision, and there is no evidence that plaintiff could have done anything to avoid the collision (*see Bolta v Lohan*, 242 AD2d 356). In approaching the intersection, plaintiff was entitled to anticipate that defendant "would comply with the Vehicle and Traffic Law and yield the right-of-way" (*Colaruotolo v Crowley*, 290 AD2d 863, 864).

Defendant contends for the first time on appeal that certain remarks made by plaintiff's attorney on summation were inflammatory and denied him a fair trial, and thus his contention is not preserved for our review (*see Spiselman v Empire State Dental Group*, 232 AD2d 296, *lv denied in part and*

*dismissed in part* 89 NY2d 1027; *see also People v Akleh*, 297 AD2d 574). In any event, although some of the remarks were inappropriate, we conclude that they "did not prevent the careful consideration of the evidence by the jury" (*Reilly v Wright*, 55 AD2d 544, 545; *see Rubin v Aaron*, 191 AD2d 547, 549). We have reviewed defendant's remaining contentions and conclude that they are without merit.

We reject the contention of plaintiff on his cross appeal that the award of damages for future pain and suffering should be increased to $600,000. The amount awarded does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.