371 F.3d 105
 TOPOROFF ENGINEERS, P.C., Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY and American Insurance Company, Defendants-Third-Party-Plaintiffs-Appellees,
Santop Construction, Ltd., Laquila Construction, Inc., Laquila Contracting, Inc., Laquila Industries, Inc., Dino Tomassetti, Serafino Tomassetti, Rocco Tomassetti, and Laquila/Santop, a Joint Venture, Third-Party-Defendants-Appellees.
 Docket No. 03-9214.
 United States Court of Appeals, Second Circuit.
 Argued May 11, 2004.
 Decided June 8, 2004.
 
 Jeffrey A. Aronson, Welby, Brady & Greenblatt, L.L.P. (Michael E. Greenblatt, Welby, Brady & Greenblatt, L.L.P., on the brief), White Plains, N.Y. for Plaintiff-Appellant.
 George F. Mackey, Westermann Hamilton Sheehy Aydelott & Keenan, LLP, Garden City, N.Y. for Defendants-Third-Party-Plaintiffs-Appellees.
 Tony Berman, Berman, Paley, Goldstein & Kannry, LLP (Paul Monte, Berman, Paley, Goldstein & Kannry, LLP, on the brief), New York, N.Y. for Third-Party-Defendants-Appellees.
 Before: WALKER, Chief Judge, OAKES and POOLER, Circuit Judges.
 JOHN M. WALKER, JR., Chief Judge.
 
 
 1
 Plaintiff-appellant Toporoff Engineers, P.C. ("Toporoff") appeals from the judgment of the United States District Court for the Southern District of New York (Nicholas Tsoucalas, Judge, Court of International Trade, sitting by designation) granting defendants' motion to set aside a jury verdict in Toporoff's favor, pursuant to Federal Rule of Civil Procedure 50(b). Upon a de novo review of the district court's judgment, Nadel v. Isaksson, 321 F.3d 266, 272 (2d Cir.2003), we conclude that there was a "legally sufficient evidentiary basis for a reasonable jury to find for" Toporoff, Fed.R.Civ.P. 50(a). Accordingly, we reverse the judgment of the district court and reinstate the jury's verdict in its entirety.
 
 FACTUAL BACKGROUND
 
 2
 We assume familiarity with the facts, see Toporoff Eng'rs, P.C. v. Fireman's Fund Ins. Co., No. 00-CIV-59863NT, 2003 WL 22400195, at *1-*6 (S.D.N.Y. October 17, 2003), and recite only the relevant details here.
 
 
 3
 Toporoff, a corporation wholly owned by Irwin Toporoff ("Irwin"), provides construction management and engineering services. Third-party-defendant-appellee Laquila Construction, Inc. ("Laquila"), a construction contractor, was the winning bidder for three New York City Transit Authority projects. To perform the Transit Authority contracts, Laquila formed a joint venture with third-party-defendant-appellee Santop Construction, Ltd. ("Santop"), which is wholly owned by Irwin's wife and daughter. The joint venture between Laquila and Santop, is also a defendant, was ultimately reduced to writing in three separate joint venture agreements, each pertaining to one of the three projects. Although Santop and Toporoff have operated out of the same office building and shared some employees, each is organized as a separate corporate entity and files separate tax returns.
 
 
 4
 New York State Finance Law § 137 requires that sub-contractors who perform public improvement projects be protected by surety payment bonds issued to the main contractor. Laquila was the principal on the payment bonds in this case. The bonds were issued by two surety companies, defendants-third-party-plaintiffs-appellees Fireman's Fund Insurance Company and American Insurance Company ("sureties"). Under the bonds, in the event that a principal contractor fails to pay one of its sub-contractors for materials or labor, the sub-contractor may seek payment from the surety. Toporoff is claiming under the surety payment bonds upon its allegation that it performed sub-contracted labor but was not compensated by the principal, Laquila, for its construction management and engineering services.
 
 
 5
 After a twelve-day jury trial in which eleven witnesses testified, the jury was instructed, inter alia, that it could award damages to Toporoff only if it found (1) that Toporoff was a sub-contractor to Laquila or Laquila/Santop; (2) that Toporoff was not an alter-ego of Santop; and (3) that Toporoff was not "part and parcel" of the Laquila/Santop joint venture. The jury was further instructed that it could award damages on the basis of a breach of contract by Laquila or Laquila/Santop should it find that a contract existed between Laquila or Laquila/Santop and Toporoff. The jury was also told that it could award reasonable damages to Toporoff in quasi-contract if it found that, even though no contract existed between Laquila or Laquila/Santop and Toporoff, Toporoff in fact performed services and such services were not expected to be provided free of charge. Finally, the jury was instructed that it could not use "percentage of savings" (a pricing method that calculates the value of a particular service by using a percentage of the cost-savings effected by the service's performance) to calculate an award unless there was a specific agreement to that effect. In measuring the reasonable value of Toporoff's services, however, the jury was instructed that it was allowed to consider the character of the services; the nature and importance of the services to the projects; the amount in value; the length of time spent; the ability, skill, and expertise required and exercised; and the character, qualifications, and professional standing of Toporoff.
 
 
 6
 After three days of deliberations, the jury returned a special verdict finding in favor of Toporoff, awarding contract-based damages for construction management services and damages in quasi-contract for engineering services. The verdict form did not provide the jury with an opportunity to elaborate upon its calculation of damages, but the amount of the award, approximately $2.98 million, exclusive of interest, effectively tracked Toporoff's documented invoices, some of which computed Toporoff's prices on a "percentage of savings" basis. The jury also specifically found that Toporoff operated independent of Santop and that Toporoff was a sub-contractor. The jury had been instructed that it could not award Toporoff anything if Toporoff was "part and parcel" of the Laquila/Santop joint venture, but necessarily rejected that characterization when it awarded Toporoff full damages under the bonds.
 
 
 7
 Defendants then moved pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law notwithstanding the jury verdict against them. The district court granted the motion in an opinion that relied on three grounds to overturn the jury verdict. First, the district court found that although it "regrettably" could not "go so far as to render [a] finding" that Santop and Toporoff were alter-egos, "a reasonable person can only conclude that [Toporoff and Irwin] acted as part of the joint venture. Moreover, [Toporoff] did not prove by a preponderance of the evidence that it was actually a subcontractor and, therefore, [Toporoff] is not a proper claimant under the payment bonds." Toporoff, 2003 WL 22400195, at *7. Second, the district court set aside the award for engineering services as speculative because it was unsupported by any evidence other than Irwin's own word and "percentage of savings" calculations that could not, under the court's charge, permissibly be utilized in the absence of a specific agreement to that effect. See id. at *8. Finally, the district court found that Toporoff "clearly did not and cannot prove reasonable damages because he did not calculate his damages on an hourly rate." Id. at *9. Accordingly, the court set aside the jury verdict in its entirety. Toporoff appealed.
 
 DISCUSSION
 
 8
 We review the district court's judgment as a matter of law pursuant to Rule 50(b) de novo. See Nadel, 321 F.3d at 272. After a thorough examination of the record, disregarding "all evidence favorable to [defendants] that the jury was not required to believe," Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), we conclude that there was not "`such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture,' [n]or [was] the evidence in favor of defendants so overwhelming `that reasonable and fair minded [persons] could not arrive at a verdict against [them].' "Luciano v. Olsten Corp., 110 F.3d 210, 214 (2d Cir.1996)(quoting Cruz v. Local Union No. 3, 34 F.3d 1148, 1154 (2d Cir.1994)).
 
 
 9
 The high threshold for disturbing a jury verdict was not reached in this case. The district court simply made credibility determinations and weighed the evidence itself, something it is forbidden to do on a Rule 50(b) motion. See Reeves, 530 U.S. at 149-50, 120 S.Ct. 2097. Our independent review of the voluminous record vindicates Toporoff's argument on appeal that there was sufficient evidence to support the verdict in its favor. Although we need not recite all of that evidence here, it included: (1) evidence that Toporoff had worked as a sub-contractor to Laquila and Laquila/Santop in the past under similar conditions; (2) evidence that Laquila previously paid invoices from Toporoff without protest even though no time sheets were furnished; (3) Irwin's testimony that he developed less dangerous and less expensive engineering solutions to complete one of the projects; (4) evidence that Toporoff filled in for terminated sub-contractors on one of the projects; (5) documentary evidence establishing that the joint venture agreements were plainly executed between Santop and Laquila and that Laquila had ample opportunity to revise the joint venture agreements to reflect any different understanding it may have had of the relationships among the corporate entities involved in the transaction; (6) Sandra Toporoff's testimony that Toporoff was a sub-contractor to the projects at issue; (7) testimony by Laquila's expert, Abraham Gutman, and Laquila's vice-president, Angelo Sisca, that Toporoff was to be paid for services rendered to Laquila; and (8) evidence that Laquila ultimately terminated Toporoff.
 
 
 10
 From the evidence presented, the jury was entitled to conclude that Toporoff was an independent sub-contractor and, accordingly, was a proper claimant under the bonds.[1] As the jury charge instructed, Toporoff's relationships to Laquila, Santop, and Laquila/Santop were factual determinations for the jury to make. The district court plainly and impermissibly substituted its judgment for that of the appropriate fact-finder without any legal basis.[2] It essentially made credibility determinations that only the jury could properly make.
 
 
 11
 As to the second ground upon which the district court set aside the verdict — that the amount of damages was too speculative, we similarly find the evidence of damages sufficient to support the jury's verdict. It is well-settled under New York law that "[t]he rule which proscribes the recovery of uncertain and speculative damages applies where the fact of damages is uncertain, not where the amount is uncertain." Matarese v. Moore-McCormack Lines, 158 F.2d 631, 637 (2d Cir.1946). The jury was entitled to credit and rely on the testimony of Toporoff and its expert to calculate damages. See Mercer v. Vose, 67 N.Y. 56, 58 (1876)(holding that fact-finders may rely on a plaintiff's testimony about the value of its own services); see also D'Angelo v. State, 39 N.Y.2d 781, 782, 385 N.Y.S.2d 284, 350 N.E.2d 615 (1976)(rejecting the proposition that public construction contracts must be proven by written and detailed business records). It was error to set aside the jury's damage award as speculative.
 
 
 12
 Finally, the district court's position that awards based in quasi-contract must rely upon hourly rates and that a plaintiff must support its claim with time records requires little discussion. This position has no support in New York law. See Matarese, 158 F.2d at 634-36. The jury was entitled to award reasonable damages, measuring reasonableness by considering the multiple factors the district court enumerated for it. We cannot say with sufficient certainty that the jury impermissibly relied on a "percentage of savings" in making its calculations rather than using the permissible factors set forth in the charge.[3]
 
 CONCLUSION
 
 13
 For the reasons set forth above, the decision of the district court is hereby REVERSED and the jury's verdict is REINSTATED in its entirety. The case is REMANDED for the calculation of interest and such other proceedings as may be necessary to effectuate judgment for Toporoff.
 
 
 
 Notes:
 
 
 [1]
 The circumstances under which a joint venturer may be precluded from claiming under a surety payment bond is not settled under New York law. The district court's reliance uponUnited States v. Grubb, 358 F.2d 508, 512 (9th Cir.1966) and St. Paul-Mercury Idem. Co. v. United States, 238 F.2d 917, 921 (10th Cir.1956) to conclude that joint venturers are always improper claimants under § 137 bonds is unavailing; those cases apply the federal Miller Act, 40 U.S.C. § 3133, not New York State Finance Law. Although the jury was ultimately instructed that Toporoff would have been precluded from claiming under the bonds if it was found to be a joint venturer or "part and parcel" of the joint venture, that instruction has not been challenged in this appeal.
 
 
 [2]
 We are constrained to note that the district court's jury charge on joint ventures, not challenged in relevant respect here, was deficient. Under New York law, a joint venture requires five elements:
 (1) two or more persons must enter into a specific agreement to carry on an enterprise for profit; (2) their agreement must evidence their intent to be joint venturers; (3) each must make a contribution of property, financing, skill, knowledge, or effort; (4) each must have some degree of joint control over the venture; and (5) there must be a provision for the sharing of both profits and losses.
 Dinaco, Inc. v. Time Warner, Inc., 346 F.3d 64, 67-68 (2d Cir.2003). The district court failed to instruct the jury on these elements and failed to consider them at the Rule 50 stage. This deficiency was not raised by the parties and does not undermine our conclusion that sufficient evidence supported the jury's verdict that Toporoff was an independent sub-contractor, entitled to claim under the bond. If anything, by lightening their burden to show a joint venture, the "part and parcel" instruction (which has no legal basis in any jurisdiction that we could locate) favored appellees: it would have been a more difficult burden for appellees to satisfy the Dinaco elements.
 
 
 [3]
 Nothing in this opinion should be taken as an endorsement of the district court's jury instruction that it could not use a "percentage of savings" method to calculate damages in quasi-contractSee Matarese, 158 F.2d at 634-36 (finding percentage of savings to be permissible measure for quasi-contract recovery under New York law despite no agreement to that effect). There is no challenge to that instruction on appeal, so its validity is not properly before us.