■ 1515 SUMMER ST. CORP. et al., Appellants, v RAJENDRA PARIKH et al., Respondents, et al., Defendants. RAJENDRA PARIKH et al., Counterclaim Plaintiffs-Respondents-Appellants, v IRWIN STILLMAN et al., Counterclaim Defendants-Appellants-Respondents. RAB CONTRACTORS, INC., et al., Plaintiffs, and MICHAEL A. FINK, Doing Business as MAGICAL DESIGNS, Respondent-Appellant, v IRWIN STILLMAN et al., Appellants-Respondents. [788 NYS2d 322]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 6, 2003, upon a verdict in favor of

defendant and "counterclaim plaintiff" Parikh in appeal No. 4694, and against the Stillman defendants in appeal No. 4695 (also designated "counterclaim defendants" in appeal No. 4694) in the principal amount of $119,000, plus interest, and bringing up for review an order, same court and Justice, entered on or about April 21, 2003, insofar as it granted the Stillmans' post-trial motion for judgment notwithstanding the verdict dismissing Parikh's fraud claim, unanimously affirmed, without costs. Judgment, same court and Justice, entered on or about June 11, 2003, upon a verdict in favor of plaintiff Fink and against the Stillmans in the principal amount of $70,000, plus interest, and bringing up for review the April 21, 2003 order insofar as it dismissed Fink's fraud claim, unanimously affirmed, without costs.

The trial court properly precluded the Stillmans' experts from testifying about matters that were not included in their CPLR 3101 (d) (1) (i) disclosure statements (*see Matter of Richard S.*, 208 AD2d 750 [1994], *lv denied* 86 NY2d 704 [1995]). The trial court also properly permitted Parikh's expert to testify after finding, in accordance with the trial scheduling order, a reasonable excuse for his failure to identify the expert at least 30 days before trial, and concluding that the late identification did not prejudice the Stillmans.

To the extent the Stillmans are arguing that the trial court's preclusion of some of their damages evidence was improper because they in fact complied with the prior disclosure order on which the preclusion was based, the record is insufficient to permit appellate review. To the extent the Stillmans are arguing that such preclusion was improper because they did not have to support their damages claims with checks that exactly matched their claims, they are correct (*see D'Angelo v State of New York*, 39 NY2d 781 [1976]; *West, Weir & Bartel v Carter Paint Co.*, 25 AD2d 81, 86 [1966], *appeal dismissed* 19 NY2d 812 [1967]), but any error in this regard was rendered harmless (*see Cave v Foley*, 234 AD2d 410 [1996], *lv denied* 89 NY2d 815 [1997]) by the extensive testimony concerning the alleged deficiencies in Fink's and Parikh's work, and the lay testimony that Fink's allegedly defective work cost the Stillmans hundreds of thousands of dollars.

The contract verdicts in favor of Fink and Parikh are not against the weight of the evidence. Concerning Fink, the jury could have credited his testimony that the so-called ding joint proposal did not represent the final agreement between him and the Stillmans. Alternatively, the jury could have credited the evidence that there was a separate contract providing for

services in addition to those specified in the earlier contract providing for payment of only $20,000 or $45,000. Because Fink's contract(s) provided that he would be paid commensurately with the quality of his work and/or the number of hours he put into the project, his expert's testimony did not constitute impermissible quantum meruit evidence, nor did the contract verdict represent an impermissible award for unjust enrichment. Concerning Parikh, the jury could have credited his testimony that his invoices did not reflect all the work he did for the Stillmans; that the Stillmans agreed to pay him extra for working nights, weekends and holidays and for not raising his rate to $150 an hour when he became the applicant of record for the project; and that he was forced to agree not to bill for certain work performed after January 1, 1997, in exchange for the Stillmans' unkept promise not to sue him. The $119,000 award is supported by Parikh's testimony of $115,000 in damages (*see D'Angelo v State of New York*, 39 NY2d 781 [1976], *supra*), and by the documentary evidence of an unpaid invoice for $7,401.74.

The Stillmans were not denied a fair trial by the submission of the fraud claims to the jury. Only Fink's fraud claim had been dismissed before trial, and the Stillmans did not move before trial to give that dismissal collateral estoppel effect against Parikh. Although Fink's fraud claim was improperly resurrected, the subject was discussed prior to summations, the claim was essentially the same as Fink's contract claim, and defendants do not show what they would have done differently had they known earlier that Fink's fraud claim was going to be submitted to the jury.

The few complaints concerning allegedly improper evidence of their character that the Stillmans preserved (*see Padilla v Style Mgt. Co.*, 256 AD2d 27 [1998]) are unavailing. Evidence of other similar acts can be introduced to establish intent in fraud cases (*see Matter of Brandon*, 55 NY2d 206, 211 [1982]), and since the credibility of a witness is always in issue (*Sansevere v United Parcel Serv.*, 181 AD2d 521, 523 [1992]), a witness can be cross-examined with respect to specific immoral, vicious or criminal acts that bear on his or her credibility (*Badr v Hogan*, 75 NY2d 629, 634 [1990]). In addition, punitive damages, which were in the case until the charge conference, require a showing that, inter alia, the conduct constituting or associated with the breach of contract is actionable as an independent tort and aimed at the public generally (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). Thus, it was proper for Fink and Parikh to introduce evidence that they were given false

promises of payment and threatened by the Stillmans, in much the same way as were other contractors. Parikh's counsel's summation, read as a whole, was not unduly prejudicial (*see Padilla v Style Mgt. Co.*, 256 AD2d 27 [1998], *supra*) and, to the extent it did not constitute fair comment, the trial court gave sufficient curative instructions that the jury presumably followed (*see DiRende v Cipollaro*, 234 AD2d 78 [1996], *lv denied* 90 NY2d 806 [1997]). Finally, the jury had numerous reasons for crediting Fink and Parikh, and any improprieties on the part of their counsel could not have affected the verdict (*see Calzado v New York City Tr. Auth.*, 304 AD2d 385 [2003]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.