# Anthony P. CARCHIDI, Plaintiff–Appellant,

v.

# KENMORE DEVELOPMENT, Defendant–Appellee.

### Docket No. 02–9497.

United States Court of Appeals, Second Circuit.

Feb. 11, 2005.

Anthony P. Carchidi, Kingston, NY, for Appellant, pro se.

Cheryl Smith Fisher, Buffalo, NY, for Appellee.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Anthony P. Carchidi appeals from the district court's summary judgment order and judgment as a matter of law dismissing all of his claims. We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

Carchidi alleged that his former employer discriminated against him on the basis of his race, color, and national origin in violation of Title VII by subjecting him to unequal terms and conditions of employment and terminating him from his job in retaliation for his complaints about the alleged discrimination.

The district court dismissed Carchidi's retaliation claim on summary judgment based on Carchidi's failure to establish a prima facie case. This court reviews the district court's decision to grant summary judgment de novo. *James v. New York Racing Ass'n,* 233 F.3d 149, 152 (2d Cir. 2000). In making our determination we

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To establish a prima facie case of Title VII retaliation, a plaintiff must show that "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of the plaintiff's participation in the protected activity; (3) the employer took adverse action against the plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 116 (2d Cir.2000) (quoting *Cosgrove v. Sears Roebuck & Co.,* 9 F.3d 1033, 1039 (2d Cir.1993)). We have reviewed the record and relevant case law and hold that Carchidi did not establish a prima facie case of Title VII retaliation.

The district court dismissed Carchidi's remaining Title VII discrimination claim by granting judgment as a matter of law after the presentation of evidence to a jury. We review the district court's judgment as a matter of law de novo. *Toporoff Eng'rs, P.C. v. Fireman's Fund Ins. Co.,* 371 F.3d 105, 108 (2d Cir.2004). Viewing the evidence in the light most favorable to the non-moving party, a court will grant a judgment as a matter of law when the evidence is insufficient to permit a reasonable juror to find in the non-moving party's favor. *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 161 (2d Cir.1998). We have reviewed the record and the arguments raised in Carchidi's brief and hold that the evidence, viewed in the light most favorable to Carchidi, is insufficient to permit a reasonable juror to find in Carchidi's favor.

We have considered Carchidi's remaining arguments and find them to be without merit.

We therefore affirm the judgment of the district court.