■ DEBRA A. KEELER et al., Respondents, v ANN F. REARDON, Appellant. [853 NYS2d 780]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Debra A. Keeler (plaintiff) when a vehicle driven by defendant collided with a vehicle driven by plaintiff John E. Keeler, in which plaintiff was a passenger. The accident herein occurred in 2002 and, although plaintiff was injured in a motor vehicle accident in 1988, her treating neurosurgeon testified at the jury trial in this action that by 1997 plaintiff had completely recovered from the injuries sustained in that accident. The jury returned a verdict in favor

of plaintiffs, whereupon defendant moved for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict and for a new trial. We conclude that Supreme Court erred in denying that part of defendant's motion seeking to set aside the award of damages for future pain and suffering and for a new trial with respect to such damages.

In order to grant a motion for judgment notwithstanding the verdict, a court would have to conclude that there was "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), and we conclude herein that the court properly refused to grant judgment notwithstanding the verdict. With respect to defendant's alternative request for relief, i.e., to set aside the verdict and for a new trial, we conclude that the award of damages of $1,350,000 for plaintiff's future pain and suffering "deviates materially from what would be reasonable compensation" for the injury to plaintiff's cervical spine (*see* CPLR 5501 [c]; *see e.g. Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321 [2002], *lv denied* 100 NY2d 515 [2003]; *Komforti v New York City Tr. Auth.*, 292 AD2d 569 [2002]). We therefore conclude that the highest amount a jury could have awarded plaintiff for future pain and suffering was $700,000. We therefore modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless plaintiffs, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for future pain and suffering to $700,000, in which event the judgment is modified accordingly.

We conclude, however, that the court otherwise properly refused to set aside the verdict and to grant a new trial. The evidence did not "so preponderate[ ] in favor of [defendant] that the verdict could not have been reached on any fair interpretation of the evidence" (*Garrison v Geyer*, 19 AD3d 1136, 1136-1137 [2005]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]), nor did the award of damages otherwise deviate from what would be reasonable compensation (*see* CPLR 5501 [c]). Plaintiff testified that she was completely recovered from her earlier accident and surgery and that, after the 2002 accident, she began to have migraine headaches and experienced "atrocious pain" in her neck and shoulders when she performed housework. According to the testimony of plaintiff's neurosurgeon, objective medical tests following the accident in 2002 established that she had junctional facet syndrome at C4/5 and C3/4 above the area previously fused and that "real time x-rays"

revealed ligament injuries in those areas as well. The neurosurgeon opined that plaintiff's current injuries were caused by the 2002 accident.

Defendant also contended in support of her post-trial motion that the statements of plaintiffs' attorney on summation that defendant's attorney was attempting to confuse and mislead the jury "represents egregious conduct warranting a new trial." Defendant failed to object at trial to two of the three statements at issue and thus failed to preserve for our review her contention with respect to those statements (*see Driscoll v Casey*, 299 AD2d 885 [2002]). With respect to the third statement, we conclude that it was not so inappropriate that it prevented " 'the careful consideration of the evidence by the jury' " (*id.* at 886).

Finally, we do not address the contention of defendant that the court erred in denying her pretrial motion for summary judgment dismissing the complaint. Defendant's prior appeal from the order denying that motion was dismissed for want of prosecution, thus barring "a subsequent appeal as to all questions that were presented on the earlier appeal" (*Bray v Cox*, 38 NY2d 350, 353 [1976]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.